Miyoko Sakashita (CA Bar No. 239639)
Andrea A. Treece (CA Bar No. 237639)
Catherine W. Kilduff (CA Bar No. 256331)
CENTER FOR BIOLOGICAL DIVERSITY
351 California Street, Suite 600
San Francisco, CA 94104
Phone: (415) 436-9682
Facsimile: (415) 436-9683
miyoko@biologicaldiversity.org
atreece@biologicaldiversity.org
ckilduff@biologicaldiversity.org

Attorneys for Plaintiff Center for Biological Diversity

IGNACIA S. MORENO, Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
JEAN WILLIAMS, Section Chief
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0216 / Facsimile: (202) 305-0275

Attorneys for Federal Defendants

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>GARY F. LOCKE, in his official capacity as Secretary of the United States Department of Commerce, and the NATIONAL MARINE FISHERIES SERVICE,<br><br>Defendants. | Case No. 3:10-01193-CRB<br><br>**Stipulated Settlement Agreement and ~~[Proposed~~] Order** |

Plaintiff, Center for Biological Diversity ("CBD"), and Federal Defendants, Gary F. Locke, in his official capacity as Secretary of the United States Department of Commerce, and the National Marine Fisheries Service ("NMFS"), by and through their undersigned counsel, state as follows:

WHEREAS, NMFS added the black abalone to the list of Candidate Species for listing under the Endangered Species Act ("ESA") on June 23, 1999, 64 Fed. Reg. 33466 (June 23, 1999);

WHEREAS, CBD petitioned NMFS on December 21, 2006 to list the black abalone as either an endangered or threatened species under the ESA and to designate critical habitat for the species;

WHEREAS, NMFS listed the black abalone (*Haliotis cracherodii*) as an endangered species under the ESA, 16 U.S.C. § 1531 et seq., on January 14, 2009, 74 Fed. Reg. 1937 (Jan. 14, 2009) ("Listing Rule");

WHEREAS, NMFS did not designate critical habitat for the black abalone at that time because it concluded that such habitat was "not yet determinable because: (1) we lack information sufficient to perform required analyses of the impacts of the designation; and (2) the habitat requirements of the species are not sufficiently well known to permit identification of an area as critical habitat," Listing Rule at 1945;

WHEREAS, NMFS stated that it "intends to proceed with a proposed designation in a subsequent rulemaking," *id.* at 1939;

WHEREAS, NMFS sought "public input to assist in gathering and analyzing the best available scientific data and information to support a critical habitat designation, which will be proposed in a subsequent Federal Register notice," and specifically sought "information regarding: (1) current or planned activities within the range of black abalone, their possible impact on black abalone, and how those activities could be affected by a critical habitat designation; (2) quantitative evaluations describing the quality and extent of marine intertidal or subtidal habitats occupied in the

past or presently by black abalone; and (3) the economic costs and benefits likely to result from the designation of critical habitat," *id.* at 1945;

WHEREAS, NMFS has not yet designated critical habitat for black abalone;

WHEREAS, on January 14, 2010, CBD notified NMFS that it intended to sue the agency because it has not yet designated critical habitat for black abalone;

WHEREAS, CBD filed this action on March 23, 2010, alleging that NMFS has unlawfully failed to designate critical habitat for black abalone;

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to CBD's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set out in CBD's complaint;

NOW, THEREFORE, it is stipulated by and between the parties as follows:

1. NMFS shall determine whether it is prudent to designate critical habitat for black abalone on or before September 20, 2010, and, if it determines that the designation of critical habitat is prudent, it shall also submit a proposed rule to designate critical habitat for black abalone to the Federal Register on or before September 20, 2010.

2. If NMFS determines that the designation of critical habitat is prudent, it shall submit a final rule designating critical habitat for black abalone to the Federal Register on or before July 18, 2011.

3. This Agreement requires the Federal Defendants to make the determinations described above by the deadlines specified in paragraphs 1 and 2. The Agreement shall not (and shall not be construed to) limit or modify the Federal Defendants' discretion and authority regarding the substance of those determinations, or to otherwise limit or modify the authority and discretion accorded to the Federal Defendants by the ESA, the Administrative Procedure Act ("APA"), or the

general principles of administrative law.  By entering into this Agreement, CBD does not waive its ability to challenge the substantive determination that will be made by NMFS under paragraph 2 or any not prudent determination made under paragraph 1, but it must file a separate action to challenge these determinations.  The Federal Defendants do not waive any applicable defenses in any such subsequent actions filed by CBD to challenge the substance of NMFS's determinations.

4. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  If either party seeks to modify the terms of this Agreement, including the deadlines set out in paragraphs 1 and 2, or if a dispute arises out of or relating to this Agreement, or if either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim.  The parties agree that they will meet and confer (either by telephone or in person) at the earliest possible time in a good-faith effort to resolve the claim before pursuing relief from the Court.  If the parties are unable to resolve the claim after meeting and conferring, either party may pursue relief from the Court.

5. Except as otherwise provided in paragraph 4, CBD's sole remedy for any alleged violation by NMFS of the terms of this Agreement shall be a motion to enforce the terms of this Agreement.  This Agreement shall not be enforceable through a proceeding for contempt of court.  This Agreement is not intended to affect the availability of remedies, including contempt, for the failure to comply with any orders issued by the Court subsequent to its order approving this Agreement.

6. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timetable for the designation of critical habitat under the ESA in any other proceeding regarding the Federal Defendants' implementation of the ESA or any other statute.

7. CBD agrees that the terms of the Agreement fully satisfy the claims in its Complaint filed herewith against Defendants, and that CBD is waiving its right to seek attorneys' fees related to its Complaint. No party shall use this Agreement or the terms herein as evidence in any fee proceeding in any other case.

8. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that the Federal Defendants take action in contravention of the ESA, the APA, or any other law or regulation, either substantive or procedural.

9. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that the Federal Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

10. The parties agree that this Agreement was negotiated in good faith and constitutes a settlement of claims that were disputed by the parties. By entering into this Agreement, no party waives any claim or defense.

11. The undersigned representatives of each party certify that they are fully authorized by the party or parties that they represent to agree to the Court's entry to the terms and conditions of this Agreement and do hereby agree to the terms herein.

12. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

13. Upon entry of this Agreement by the Court, all counts of CBD's Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1). Notwithstanding the

dismissal of this action, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms, until the Federal Defendants satisfy their obligations under the Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

IT IS SO STIPULATED this 29th day of April, 2010.

IGNACIA S. MORENO, Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

/s/ *Jean Williams*
JEAN WILLIAMS, Section Chief
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0216 / Facsimile: (202) 305-0275
Attorneys for Federal Defendants

Miyoko Sakashita, Oceans Director
CENTER FOR BIOLOGICAL DIVERSITY
Andrea A. Treece, Senior Attorney

/s/ *Catherine W. Kilduff*
Catherine W. Kilduff, Staff Attorney
CENTER FOR BIOLOGICAL DIVERSITY
351 California Street, Suite 600
San Francisco, CA 94104
Phone: (415) 436-9682 / Facsimile: (415) 436-9683
Attorneys for Plaintiff Center for Biological Diversity

PURSUANT TO STIPULATION,
IT IS SO ORDERED

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
IT IS SO ORDERED
Judge Charles R. Breyer

UNITED STATES DISTRICT JUDGE

May 5, 2010
DATE